# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CRIMINAL ACTION NO. 3:25-CR-00050-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **TREYMAYNE LEWIS THOMPSON,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's Motion for Reconsideration, Supplemental Motion to Continue and Reply to the Government's Opposition to Defendant's Motion to Suppress (Docs. Nos. 35, 37, 38). The Government opposes the Motions. The Court has carefully considered these motions, and the Parties' briefs in support and in opposition. For the reasons discussed below, the Court must **GRANT** the motions to continue and to reconsider, although it should not have been necessary.

## I.        LEGAL STANDARD

The Court may consider a motion for reconsideration prior to the "entry of judgment in a criminal case." *United States v. Wilder*, No. 4:22-CR-00433-RBH, 2023 WL 8242211, at *1 (D.S.C. Nov. 28, 2023), *aff'd,* No. 24-4219, 2024 WL 5244550 (4th Cir. Dec. 30, 2024) (citing *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985)). Because the Federal Rules of Criminal Procedure do not address such motions, courts look to the Federal Rules of Civil Procedure for guidance. *Id.* (citing *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (recognizing that, although not expressly authorized, motions to reconsider in criminal cases are proper)).

1

Under Rule 54(b), the Fourth Circuit has identified three grounds for granting reconsideration: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018); Fed. R. Civ. P. 54(b). This standard closely parallels the Rule 59(e) framework, which permits alteration or amendment of a judgment in limited circumstances to accommodate an intervening change in controlling law, to account for previously unavailable evidence, or to correct a clear legal error or prevent manifest injustice. *Wilder*, 2023 WL 8242211, at *2; *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## II.    DISCUSSION

In March 2025, Defendant was charged in a three count Bill of Indictment for: (1) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (3) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 21 U.S.C. § 841(a)(1). Doc. No. 1. Prior Counsel was appointed for Defendant in April 2025. After granting two defense motions to continue (Doc. Nos. 12, 14), the Court permitted Defendant's first appointed counsel to withdraw and appointed current counsel on September 19, 2025.[1]

Following that appointment, the Court granted three additional defense motions to continue

---

[1] Prior counsel was permitted to withdraw on September 18, 2025, due to a breakdown in communications with Defendant. Doc. No. 15 at 1-2 ("Counsel and Defendant have reviewed discovery and discussed strategies, defenses and issues regarding pretrial motions. Counsel and Defendant are not in agreement in these areas and have reached a stalemate in making certain important decisions with regards to the Defendant's defense. There has been a breakdown in communication between the Defendant and Counsel which materially effects Counsel's ability to provide the Defendant effective representation.").

2

trial. *See* Doc. Nos. 18, 20, 22. None of those motions (Doc. Nos. 17, 19, 21) indicated that a motion to suppress was anticipated or necessary, nor did any request an extension of the pretrial motions deadline. Indeed, the third Motion to Continue filed by current counsel (the fifth overall), dated February 2, 2026, stated, "Counsel has received discovery and reviewed the discovery …. Counsel is confident that the matter will be resolved the next calendar date." Doc. No. 21 at 1.

On April 6, 2026, Defendant, through current counsel, filed a fourth[2] Motion to Continue. Doc. No. 23. Again, the Motion did not forecast a motion to suppress, nor did it seek an extension of the pretrial motions deadline. The Government objected, noting that defense counsel had received access to discovery 180 days earlier, on October 8, 2025. Doc. No. 24 at 1. After business hours on April 6, the deadline for filing motions to continue trial, defense counsel informed the Government that she no longer had access to the discovery.[3] *Id.* The Government promptly informed defense counsel that the discovery was available on an external drive at the U.S. Attorney's office.  Defense counsel made no attempt to retrieve the drive; the prosecutor hand delivered it to defense counsel in court on April 23, 2026. Doc. No. 39 ¶ 3. The Court denied the Motion to Continue on April 7, 2026. Doc. No. 25.

On April 20, 2026, 14 days before the scheduled May 4, 2026, trial date and 154 days after the pretrial motions deadline expired,[4] Defendant filed a Motion to Suppress. Doc. No. 30. The Government objected the next day, in part on grounds of untimeliness. Doc. No. 33. During the

---

[2] The Motion is incorrectly captioned "3rd Motion to Continue." *See* Doc. No. 23.

[3] Online access to the Discovery remained active for 60 days from production and would have expired 120 days prior to the Government's Objection. Doc. No. 24 at 1. Any discovery materials downloaded during those 60 days would remain accessible to counsel. *Id.*

[4] The Court's Standing Arraignment Order explains that all pretrial motions, including motions to suppress, must be filed within 60 days from the date of the Arraignment Order, or the date on which counsel is appointed or makes an appearance, whichever occurs last. Here, counsel was appointed on September 19, 2025, making pretrial motions due (absent a motion to extend them) November 18, 2025.

3

April 23, 2026, pretrial conference, the Court asked defense counsel to explain the substantial delay. Although counsel represented that Defendant had long wished to file a suppression motion, counsel offered no substantive justification for the late filing. The Court therefore denied the motion as untimely and further noted that the facts as forecast did not suggest the motion had merit.[5]

On April 27, 2026, Defendant filed a Motion to Reconsider, which—for the first time—also sought an extension of the pretrial motions deadline. Doc. No. 35. In support, counsel cited Defendant's remote location and her own "conflicts" over the preceding months. Doc. No. 35 ¶¶ 7, 11. In addition, counsel asserted, "[u]pon information and belief" that discovery was received on (or before) October 28, 2025, but "definitely" by December 23, 2025.[6] *Id*. ¶ 4. Counsel argues that it "would not have been possible to meet the most conservative deadline of November 19, 2025, to file the motion to suppress," and that "it is and was mathematically impossible to comply with the standing order as discovery had yet to be received for review…." *Id*. ¶¶ 2, 11. These assertions are simply not true. Counsel had access to discovery beginning October 8, 2025—six weeks before the November 19 deadline. And, at a minimum, counsel could have sought an extension during that period, and certainly well before the first such request on April 27, 2026.

The record further reflects that although counsel received discovery many months ago, she has never reviewed it with Defendant in person. "Mr. Thompson has seen discovery on one occasion, with prior assigned Counsel, due to the distance away from the jurisdiction in at least

---

[5] Of course, a forecast of evidence is not evidence.

[6] The Motion to Reconsider attaches an email of December 23, 2025, from prior defense counsel to current defense counsel stating that except for some videos, discovery had been uploaded to "Box." Doc. No. 35 at 5. The Government has provided an email showing that Discovery was made available to current counsel on October 8, 2025. Doc. 36-2 at 2.

4

three different states."[7, 8] Doc. No. 38 ¶ 6 (filed April 30, 2026).

The Court finds that the Motion to Suppress is not merely late; it is extremely and inexcusably late. Pretrial motions deadlines exist to ensure that cases proceed in a timely and predictable manner, allowing the Court to determine well in advance of trial what evidence will be admissible and whether a trial will occur at all. The Government has represented that it was preparing for trial when the Motion to Suppress was filed, and the Court was doing the same. If deadlines have any meaning and purpose, this case illustrates them.

Nevertheless, if Defendant is convicted at trial, and that conviction is affirmed on appeal, Defendant will almost certainly file a motion under 28 U.S.C. § 2255 alleging constitutionally ineffective assistance of counsel in failing to timely file a motion to suppress, and other deficient performances by counsel. He would certainly have more than a colorable claim, and the Court would then be required to conduct an evidentiary hearing to determine the merit of such a Motion.

The Court finds that counsel has so far provided constitutionally defective and ineffective assistance to Defendant.[9] Counsel admits as much. "It has become apparent that Counsel cannot be prepared to proceed by the scheduled date, in a manner which would constitute effective representation." Doc. No. 37 ¶ 4.

Witnesses are present, trial preparation is underway, evidence is on hand, and memories are fresher than they will be in the months to come. Still, for these reasons, and in the interest of

---

[7] Prior Counsel was able to review discovery with Defendant sometime between his appointment on April 4, 2025, and his filing the Motion to Withdraw on August 31, 2025. Indeed, every defense counsel in this District manages to meet with their clients in less than seven months and more than two weeks prior to trial, despite the unfortunate logistical challenge of remote detentions.

[8] Counsel represents that she spoke with Defendant about discovery on or about April 16, 2026, and filed the Motion to suppress four days later. Doc. No. 35 ¶ 7.

[9] Counsel has spent a great deal of time over the past three weeks trying to avoid trial, time that could have been spent preparing for trial.

judicial economy and to prevent manifest injustice to Defendant, who did not choose his counsel, the Court **GRANTS** Defendant's Motion for Reconsideration and will set a hearing on the merits of the Motion to Suppress for May 11, 2026. The Court also **GRANTS** Defendant's Supplemental Motion to Continue.

**IT IS THEREFORE ORDERED** that trial of this matter be scheduled for the next term of court. The Clerk is directed to certify copies of this Order to Defendant, Counsel for Defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

**SO ORDERED.**

Signed: April 30, 2026

Kenneth D. Bell
United States District Judge